UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN CASARES ANDRADE,                )
a/k/a Jose Velasquez Trujillo,               )
                                                              )
           Petitioner,                              )     CASE NO.     C06-550-JCC-MJB
                                                              )
     v.                                                    )
                                                              )
UNITED STATES OF AMERICA,      )     REPORT AND RECOMMENDATION
                                                              )
           Respondent.                          )
_____)

      Petitioner Ivan Casares Andrade is currently in federal custody in Big Springs, Texas.  He has submitted to this Court for review a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Petitioner identifies the conviction under attack in his motion as his 1991 King County Superior Court conviction on drug charges.  It appears that this Court is without jurisdiction to consider petitioner's instant motion.

      Jurisdiction under § 2255 is limited to prisoners in custody under sentence of a federal court claiming a right to be released on the grounds that their federal sentence was unconstitutional or was imposed in violation of federal law.  *See* 28 U.S.C. § 2255.  While it appears that petitioner is currently in federal custody, he does not identify any federal sentence as one which he intends to attack in these proceedings.  Thus, to the extent petitioner seeks to challenge his King County

REPORT AND RECOMMENDATION
PAGE - 1

Superior Court convictions under § 2255, the Court is without jurisdiction to consider the instant motion.

There is some suggestion in the body of petitioner's motion that he is perhaps seeking to challenge his current federal sentence as enhanced by his allegedly invalid prior state court conviction.[1] There are limited circumstances in which a petitioner may be permitted to challenge an allegedly invalid prior conviction through a collateral attack on his current federal sentence. *See Allen v. Oregon*, 153 F.3d 1046, 1049-50 (9th Cir. 1998). However, even if this Court were to construe petitioner's challenge to his King County Superior Court judgment and sentence as a collateral attack on his current federal sentence, this Court would still lack jurisdiction over the instant motion.

Any challenge to petitioner's current federal sentence must be filed in the district which imposed that sentence. *See* 28 U.S.C. § 2255. Petitioner has never been convicted of a federal criminal offense in this court. It is therefore clear that petitioner cannot proceed with the instant § 2255 action here. It appears that the proper district for petitioner to file his § 2255 motion may be the Eastern District of Washington. However, as noted in one of petitioner's prior federal habeas proceedings, the Eastern District has already denied a motion under § 2255 challenging what this Court presumes is petitioner's current federal sentence. *See Andrade*, C04-2505JLR. Thus, a § 2255 motion filed in that court would likely be deemed successive and could not be considered absent authorization to file the successive motion by the Ninth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244 and 2255.

---

[1] Petitioner does not identify in his motion papers the basis of his current custody. However, the records from one of petitioner's two prior federal habeas proceedings reveal that petitioner was convicted in the Eastern District of Washington in 2003 for illegal re-entry into the United States and that he was apparently serving the sentence as recently as June 2005. *See Andrade v. Daniels*, C04-2505-JLR.

REPORT AND RECOMMENDATION
PAGE - 2

For the foregoing reasons, this Court recommends that the instant action be dismissed. A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge